*C. S. Hill, for appellants.*

*R. J. Brown, Hamilton Pope, Jas. S. Ray, for appellee.*

---

DAVIS, MOODY & CO. v. CITY OF LOUISVILLE.

[Abstract Kentucky Law Reporter, Vol. 4—721.]

**Dedication of Street by Plat.**

> Where one prepares a map of an addition to a city, which is acknowledged and recorded, and on the back of such plat he also places a map and plat of an addition of the real estate adjoining that platted, and no acknowledgment is made on the back of such plat but it is recorded, it amounts to a dedication of the streets in both of said

additions; and if a street thus dedicated is accepted by the public and used as a highway, it belongs to the city and can not be' claimed by one owning adjoining real estate.

APPEAL FROM LOUISVILLE CHANCERY COURT.

February 24, 1883.

OPINION BY JUDGE PRYOR:

This was an action instituted by the city of Louisville to recover of the appellants certain defined parcels of ground alleged to constitute a part of Todd street. In behalf of the appellee, the city, it is claimed that this street between 17th and 18th, its cross-streets, was dedicated to the city in the year 1818 by one Arthur L. Campbell, and occupied by the city, and the street was recognized as such by Campbell, the original owner, in various methods, and by those who hold under him. No objection was made to the mode of proceeding and the whole question determined in the one action against all the defendants.

Whether a legal or an equitable action, the only question to be decided here is, Has the city manifested its right to recover? Campbell's map of his southern addition to the city was acknowledged and recorded, and his map of the western division, including the lots in controversy, was found on the back of the map of the southern division. It is alleged in the petition that this was recorded, and that appellants in their answer deny the fact, except that it was on the back of the map that was recorded but never acknowledged. No reply was made to this part of the answer, but we think it only made the issue tendered by the original pleading, and no reply was necessary; and the case will be treated as if the issue was directly made, as in our opinion the issues are all distinctly presented. Loran's statement in his testimony is conclusive of the fact that this entire writing was of record, and the fact of its being made in the same paper, one constituting the southern and the other the western addition, is strongly corroborative of Loran's testimony. The motive for recording one was as great as the other, and we are satisfied that so far as Campbell could do so the street was dedicated to the city and that the same was recorded for that purpose. As evidence of Campbell's intention to make the dedication he executed conveyances locating the lots sold as bordering on this street and in accordance with the map of record.

The appellants maintain, however, that if a dedication was made it was never accepted by the city, and if ever accepted the right to the street is gone by the failure to use or recognize it as such by the city. The charter of the city of Louisville, in § 33 of the Act of March 9, 1868 (2 Acts 1867-8, Ch. 1012), provides that "All streets * * * and parts of same, either in width or length, or extensions thereof, in said city, heretofore laid out or extended, or which may be hereafter laid out or extended, by any person or persons, or where such person or persons shall have sold, or laid out and proposed to sell, or who shall hereafter sell, or lay out and propose to sell lots recognizing or calling for such streets * * * or parts of same, * * * shall be, and are hereby, declared as public, subject, however, to the right * * * of the city to reject the same by resolution," etc. Additions to the city in the way of lots were being made, and the city enlarging its territory constantly it became necessary to enact such a law as would amount to an acceptance of such dedications for the use of the public without any affirmative act on the part of the city, and although at the time the map of Campbell was recorded the territory embraced in it was not a part of the city it was afterwards included within the municipality, and the streets as laid out became a part of the property of the city for the public use, and particularly when lots had been sold calling for this street as the boundary. So much of the old charter as was in conflict with the new charter contains no such clause in relation to the acceptance of streets. There is nothing inconsistent in the two sections, but on the contrary they harmonize the one with the other.

The appellants in this case derive their title to this street, or a part of it, from Isham Henderson, who purchased it of one Campbell, to whom the original owner had mortgaged it. That mortgage was foreclosed and the mortgagee became invested with the title, and according to the deposition of Robinette, the conveyances to Henderson were made of the lots, describing them as found or located in the plat or map made by the original owner. Henderson's own deed, if Robinette is correct as to boundary, recognized the existence of this street, and he acquired no title to it or any part of it; and not only so, but Henderson's deeds to others recognized the existence of this street, and the ground sold by him was on

the plan designated by Campbell. So from the original owner down to the conveyances made to the vendees of Henderson this street has been recognized, until Henderson made the conveyance to Davis, Moody & Co. or their vendor.

In April, 1871, was the first time that Henderson conceived the idea of appropriating one-half of this street. Prior to that time he and his vendees and their vendees sold according to the original map, but in 1871 he sold to Rock, and Rock to Davis, Moody & Co., a part of this street, and by the conveyance makes it a thirty instead of a sixty-foot street. There are two witnesses who lived in the vicinity of this street for many years. They state that the street had been open and used as a street sixty feet in width for years by the public, and that nine or ten years before they testified Henderson began to enclose the vacant property in that part of the city, and among other lots inclosed was the lot of Davis, Moody & Co. They further state that a fence was erected on the southern boundary of the street, and that Henderson moved this fence thirty feet north, inclosing one-half of the sixty-foot street. All this testimony upon the question of dedication and its constant recognition is not only persuasive of the right of the city to recover, but shows a preponderance of testimony as against the appellants, who are here claiming without title, or from a vendor who had none.

The copy of the assessor's map is in error in the location of the lot of Davis, Moody & Co. They are made the owners of the corner lot, but when going back to the original map of the city, the name of Davis, Moody & Co. is on the lot belonging to Ropke & Haxanthamer, and the latters' name erased, and in this way Davis, Moody & Co. appear to be the original owners of the corner lot. Davis, Moody & Co. were really assessed as the owners of Ropke's lot, and if they had been assessed after the appropriation of this street by Henderson it would not deprive the public of the right to use the streets.

It is argued that this action is for the benefit of the property owners living on this street. Doubtless this is so, but this can not militate against the rights of the city to recover, and the recovery will not invest the adjoining lot owners with title to any part of the

street, but will leave it a street sixty feet in width for the use of the public as was intended by the original owner.

Judgment *affirmed.*

*Russell & Helm, for appellants.*

*Geo. B. Eastin, T. L. Burnett, John C. Russell, for appellee.*

[Cited, *Louisville v. Snow's Admr.,* 107 Ky. 536, 21 Ky. L. 1268, 54 S. W. 860.]