# DECISIONS

OF THE

# COURT OF APPEALS OF KENTUCKY,

## JANUARY TERM, 1893.

CASE 1—PETITION ORDINARY—FEBRUARY 2, 1893.

## City of Covington v. McDonald, &c.

94 1
110 700

APPEAL FROM KENTON CIRCUIT·COURT.

DEDICATION OF STREET.—Where a sale of lots takes place according to maps showing squares, lots and streets laid out, and such lots are conveyed by deeds describing them as binding on or by designated streets, a dedication may be implied for benefit of purchasers of adjacent lots whose rights thus become involved, whether·the municipality has formally accepted the dedication or not; but in this case the lot which embraces the strip of ground claimed by the city as part of a public street was not so described in any of the deeds by which title to it was passed, nor are the rights of purchasers from a common vendor involved. All that can be reasonably inferred from the various deeds and maps is, that an extension of the street of which the strip of ground in controversy is now claimed to be a part might, at some time in future, be made, when the owner could, at his election, dedicate his land for the purpose, or demand compensation; therefore, a dedication can not be implied.

W. A. BYRNE FOR APPELLANT.

The evidence is sufficient to show a dedication of the land in controversy as a public street. (Section 2, page 6, of city charter; E. & P. R. Co. v. Thompson, 79 Ky.; Southgate, &c., v. Regenthal, MS. Op., February 11, 1886; Gen. Stats., chap. 71, p. 637; Dillon Mun. Corp., secs. 636, 638, 640, 642.)

COLLINS & FENLEY FOR APPELLEES.

1. There has been no dedication of the land in controversy. There must be not only an intention to dedicate, but an acceptance of the dedication to render it effectual. (Gedge v. Commonwealth, 9 Bush, 64; Wilkins v. Barnes, 79 Ky., 323.)

2. A street may be dedicated by selling lots abutting thereon, at least for all purposes pertaining to such an easement (West Covington v. Freking, 8 Bush, 121); but such is not the case here. Sixteenth street is not mentioned west of Madison street, except where the word "extended" is used, showing there was no intention of recognizing the existence of the street, but simply a statement made that if the street was ever extended its center line would be located as described.

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

The act of appellee, McDonald, complained of in this action by appellant, the City of Covington, is the inclosure, as part of his premises, of the southern half of what is claimed to be Sixteenth street, between Madison and Washington streets; and the question involved is, whether the parcel so inclosed is part of a public street.

It appears that in a division of lands of Richard Southgate, made many years ago, a block now lying within the corporate limits of Covington was allotted to Richard H. Southgate, and in 1860 that block was divided between his two sons, Richard H. Southgate and C. F. Southgate, lot No. 1 falling to the latter, who in ———— conveyed it to Clements, under whom McDonald holds by lease for a term of years that was executed in 1887.

There is no evidence of an express dedication of the land in dispute for a public street having ever been made; and such dedication, if established at all, must be by implication from the language of deeds by which the title has been successively passed. On the map of

the lands of Richard Southgate as divided a dotted line was made along the center of what is called Sixteenth street, between Madison and Washington, though it was not designated by name as a street.   On the contrary, a note was written on the map to the effect that the survey and calculations were made from the center of streets, supposing that if ever laid out in lots the streets would be extended.

In the report of commissioners who made the division between Richard H. Southgate, Jr., and C. F. Southgate, in 1860, lot No. 1 of block 12, allotted to C. F., is described as beginning at the junction of the center of Sixteenth and Madison streets; thence with center of Madison street southward 225 feet to lot No. 2; thence extending in parallel lines westward 269 feet to a fifty-foot street.

About the same description of lot 1 was given in the deed of partition between Richard H. and C. F. Southgate, and the subsequent deed of the latter to Clements. But the strip of land in dispute is included in all the plats and deeds, and title thereto conveyed to the respective vendees, without any condition or reservation. So that the most that can be implied from the language of the deeds is, that Sixteenth street was recognized as an existing land-mark.   It does not, however, follow that part between Madison and Washington, as now claimed by appellant, was so recognized, but rather that part east of Madison, which is now a public street. Up to the time lot No. 1 was leased to and taken possession of by McDonald, it was a common uninclosed, and though Sixteenth street east of Madison may have been used as a public thoroughfare, it had not been so

used west of Madison, nor, except the north half, is it even now fit for use.

It has been held by this court that when a sale of lots takes place according to maps showing squares, lots and streets laid out, and such lots are conveyed by deeds describing them as binding on or by designated streets, a dedication may be implied for benefit of purchasers of adjacent lots whose rights thus become involved, whether the municipality has formally accepted the dedication or not. (Rowan v. Town of Portland, 8 B. M., 237; Wickliffe v. City of Lexington, 11 B. M., 155.) But lot No. 1 was not so described in any of the deeds by which title to it was passed; nor are the rights of purchasers from a common vendor at all involved in this case. On the contrary, lot No. 1 is so described as to include a part of Sixteenth street extended, and in virtue of the deeds title to the parcel in dispute has been conveyed to the purchaser, Clements, as had been done to his vendor; and in such case it must appear there was a dedication by the original or some intermediate proprietor of the land claimed as a street, and that it was accepted by the municipality, otherwise a subsequent purchaser can not be divested of the title or possession. All that can be reasonably inferred from the various deeds and maps is that an extension of Sixteenth street might, some time in future, be made, when the owner could, at his election, dedicate his land for the purpose, or demand compensation. But the evidence in this case shows that at the date of the original division of Richard Southgate's lands, as well as when the partition was made between Richard H. and C. F. Southgate,

the land described as lot No. 1 was not needed for a public street, and would probably not, if dedicated, have been accepted and appropriated for that purpose by the city of Covington; for though now claiming the parcel in dispute as part of Sixteenth street, it has not been improved by the municipality.

It seems to us very clear there never has been any dedication by Clements, or any of his vendors, of the land claimed by appellant, and the lower court, therefore, properly instructed the jury to find for defendant.

Judgment affirmed.