CASE 87—ACTION FOR DAMAGES CAUSING DEATH—JANUARY 16.

# City of Louisville v. Snow's Administrator.

APPEAL FROM COMMON PLEAS DIVISION, JEFFERSON CIRCUIT COURT.

1. PLEADINGS—INTENDMENT AFTER VERDICT.—In an action against a municipal corporation for an injury causing the death of plaintiff's decedent by the caving in of an embankment, caused by the construction of a street, the failure of the petition to state that the point of the accident was within the corporate limits of the defendant is cured by a denial in the answer that any part of the alleged street between the points mentioned, or any part thereof had ever been graded under authority from it, or that it was a public highway of the city, or that it had been thrown open to the use of the public for public travel, followed by a verdict in favor of the plaintiff.

2. STREETS—DEDICATION—ACCEPTANCE.—Where lands adjoining the city of Louisville are subdivided by judicial proceedings and laid out into lots and streets with the intention of dedicating the streets to the city and lots are sold calling for the streets as boundaries, there is a dedication of the streets to the public and when this dedication is followed by the municipality's exercising control over the dedicated streets, the city becomes liable for negligence in allowing same to remain in a dangerous condition.

2. SAME.—It is not necessary that the acceptance of a street should be evidenced by any formal act on the part of the municipal authorities. Exercising acts of control after what in law is a dedication of a street is sufficient. In this case, there was evidence sufficient to authorize the submission to the jury of the question, whether the street had been accepted by the city.

4. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—INSTRUCTIONS—INFANT.—
In an action against a municipal corporation for negligence resulting in the death of the plaintiff's decedent by the fall of an embankment along a public street, it was proper to instruct the jury that if at the time of the accident the wall of the cut which fell on plaintiff's decedent was in an unsafe and dangerous condition and the Board of Public Works or its agents knew thereof and that the dangerous condition of said wall, if it was in a dangerous condition, had existed a sufficient length of time for the said board or its agents to have known thereof by the exercise of ordinary diligence or care, then the law was for the plaintiff.

City of Louisville v. Snow's Adm'r.

5. SAME—CONTRIBUTORY NEGLIGENCE.—In such an action it was proper for the court to limit the instruction upon the subject of contributory negligence by defining it with reference to the degree of care and prudence which ordinarily careful and prudent persons of like age, experience and discretion usually take under the same or similar circumstances.

H. L. STONE, CITY ATTORNEY, FOR THE APPELLANT.

1. The court should have instructed the jury peremptorily to find for the defendant. The pleadings did not show that the accident occurred within the city of Louisville, and this defect in the petition was not cured by the answer.

2. Upon the merits the evidence did not show a dedication to the city at the place where the accident occurred, and its acceptance by the city.

Citations:   Jones on Neg. of Munic. Corps., secs. 73, 74; Taylor v. Woburn, 130 Mass., 494; Wilson v. Wheeling, 19 W. Va., 323; Hart v. Red Cedar, 63 Wis., 634; Bishop v. Centralia, 49 Wis., 669; Aston v. McClure, 102 Pa. St., 322; Salisbury v. Ithaca, 94, N. Y., 27; Requa v. Rochester, 45 N. Y., 129; Porter v. Attica, 33 Hun. (N. Y.), 605; Beamdeau v. Cape Girardeau, 71 Mo., 392; Brennan v. St. Louis, 7 S. W., 148; Lafayette v. Larson, 73 Ind., 367; Hiller v. Sharon Springs, 28 Hun., 344; Tower v. Rutland, 56 Vt., 28; Salida v. McKenna, 27 Pac. Rep., 810; Crystal v. Des Moines, 65 Ia., 502; Sewell v. Cohoes, 11 Hun, 626; Menderschid v. Dubuque, 29 Ia., 87; Ivory v. Deerpark, 116 N. Y., 476; Pomfrey v. Saratoga Springs, 104 N. Y., 459; People v. Loehfelm, 102 N. Y., ——; Saulsbury v. Ithaca, 94 N. Y., 27; Holdane v. Cold Spring, 21 N. Y., 474; Fitzgerald v. Binghamton, 40 Hun, 332; O'Neil v. West Branch, 81 Mich., 544; Fletcher v. Scotten, 74 Mich., 212; Byerly v. Animosa, 79 Ia., 204; Mansfield v. Moore, 124 Ill., 133; Aurora v. Colshire, 55 Ind., 484; Cartwright v. Belmont, 58 Wis., 370; Ex parte Pittsburg Alley, 104 Pa. St., 622; Gallagher v. St. Paul, 28 Fed. Rep., 305; Estelle v. Lake Crystal, 27 Minn., 243; Kennedy v. Levan, 23 Minn., 513; Shartle v. Minneapolis, 17 Minn., 308; Coates v. Cannon, 51 Vt., 131; Barton v. Montpelier, 30 Vt., 650; People v. Blake, 60 Cal., 497; Kennedy v. Cumberland, 65 Md., 514; s. c. 7 Cent. Rep., 407; McCormack v. Baltimore, 45 Md., 524; Stark v. Lancaster, 57 N. H., 88; New York v. Sheffield, 4 Wall., 189; Dillon on Municipal Corp., sec. 1009, note 2; McArthur v. Saginaw, 25 N. W., 313; Hixon v. Lowell, 13 Gray, 59; Macomber v. Taunton, 100 Mass., 255; Gribble v. Sioux City, 38 Ia., 390; Dillon on Munic. Corp., secs. 981, 1008, 1017, 1019; Gedge v. Com., 9 Bush, 61; Wilkins v. Barnes, 79 Ky., 323.

City of Louisville v. Snow's Adm'r.

GARDNER & MOXLEY FOR THE APPELLEE.

> Upon the same points made by counsel for appellant, counsel cited Worthley v. Hammond, 13 Bush, 510; Hickman v. Sewell, 2 Ky. Law Rep., 439; Parker v. Hamilton, 6 Ky. Law Rep., 596; Dean v. Dean, 8 Ky. Law Rep., 419; Royal Ins. Co. v. Smith, 8 Ky. Law Rep., 521; Quaid v. Cornwall, 13 Bush, 601; Pugh v. White, 78 Ky., 210; C. & O. Ry. Co. v. Thieman, 96 Ky.. 507; Acts 1867-8, vol. 2, pp. 421-2; Gedge v. Com., 9 Bush, 61; Acts 1869-70, vol. 2, p. 30; Davis, &c., v. City of Louisville, 4 Ky. Law Rep., 721; Gallagher v. City of St. Paul, 28 Fed. Rep., 305; Phelps v. Mankato, 23 Minn., 276; Esterle v. Crystal Lake, 27 Minn., 244; Shartle v. Minneapolis, 17 Minn., 308; Kennedy v. LeVan, 23 Minn., 516; Salsbury v. Village of Ithaca, 94 N. Y., 27; 5 Am. & Eng. Ency. of Law, 414; City of Lexington v. Auger, 4 Ky. Law Rep., 23; Ky. Stats., sec. 2885; Rehberg v. City of New York, 91 N. Y., 143; Fugate v. City of Somerset, 16 Ky. Law Rep., 807; City of Henderson v. Weisenberger, 7 Ky. Law Rep., 448; City of Henderson v. Schlamp, 14 Ky. Law Rep., 575; Town of Falmouth v. Woods, 16 Ky. Law Rep., 317; City of Newport v. Miller, 93 Ky., 22.

JUDGE BURNAM DELIVERED THE OPINION OF THE COURT.

This is an appeal from a judgment for damages obtained by appellee against the city of Louisville for the death of his son, a boy nine years old, alleged to have been caused by the fall of an embankment on the eastern edge of Twenty-eighth street, in the city of Louisville, which embankment resulted from a cut made in grading the street.

It is insisted that the court erred in not directing the jury to find a verdict for appellant at the conclusion of appellee's testimony. The first ground on which this contention is based is that it is nowhere alleged in the petition that that point on Twenty-eighth street where the accident occurred was within the limits of the city of Louisville, and that this failure in the averments of the petition was not cured by the answer or subsequent proceedings in the case; and the second ground is that there was no testimony introduced on the trial showing that the

city had ever accepted the dedication of this street, or
taken charge thereof, improved it as a public highway of
the city, or thrown it open, prior to the accident, for pub-
lic travel, or had in any way made itself responsible to
the public for its condition. We will consider these con-
tentions in the order made.

The averments of the petition are "that the city of
Louisville, by proper ordinance and contract, undertook
to grade Twenty-eighth street from Jefferson street, on
the north, to Grayson street, on the east, and that in grad-
ing said street it was necessary to make a deep cut
through the natural surface of the ground; that said city
did make such grade and cut, and left a high and
dangerous embankment, ten or twelve feet above the
grade of the street, on the east side of Twenty-eighth
street, between Jefferson street and the alley; that this
embankment was composed of eight or nine feet of al-
ternate layers of clay and sand; that at the grade of said
street the layer of sand was very fine and clean; that, with
the knowledge and consent of appellant, divers persons
and contractors did, within six months prior to the 21st
day of November, 1895, remove from the base of said em-
bankment on the grade of the street a large quantity of
sand and dirt, and left an overhanging embankment, dan-
gerous to pedestrians walking on said street; that this
embankment so excavated was left exposed, as an invit-
ing place for small children to play and amuse them-
selves; and that on the 21st day of November, 1895,
plaintiff's intestate, then only nine years of age, in com-
pany with several other boys, went to the vicinity of said
embankment and excavation, and whilst playing about and
near thereto, and whilst on the sidewalk, the embankment,

suddenly and without warning, fell in large quantities upon his intestate, and he was thereby crushed to death."

The defendant, the city of Louisville, answered and denied that any part of the alleged street, between the points mentioned, or any part thereof, had ever been graded under authority from it; denied that it was a public highway of the city, or that it had been thrown open to the use of the public for public travel, or that the death of plaintiff's intestate was caused by the neglect of its agents, servants or employes to properly guard and protect this cut.

The reply denies that that point on Twenty-eighth street where the accident occurred was not a public highway of the city, or that it had not been thrown open to the public use and travel.

There was no demurrer filed by appellant, and, at common law, where there is any defect or omission in a pleading, whether in substance or form, which would be fatal on demurrer, yet if the issue joined be such as necessarily required on the trial proof of the facts so defectively stated, and without which it is not to be presumed that either the judge would direct, or the jury would have given, the verdict, such defect or omission is cured by the verdict, by intendment of law, after verdict. (See Bliss on Code Pleading, section 438.) And this doctrine has been uniformly followed by this court. (See Bentley v. Bustard, 16 B. Mon., 690; [63 Am. Dec., 561]; Daniel v. Holland, 4 J. J. Marsh, 18; Drake's Adm'r v. Semonin, 82 Ky., 291; and Western Assurance Co. v. Ray (Ky.), [49 S. W., 327].) And, whilst the petition is somewhat defective in its averments on the point suggested, it was cured by the trial and verdict.

But the main ground relied on for reversal is that there

is no proof that the city had ever accepted the dedication of Twenty-eighth street at the point where the accident occurred, or thrown it open for public travel.

It appears from the testimony that as far back as 1879 a suit for the division of a tract of land which included the place where this accident occurred, partly within and adjoining the city of Louisville, and belonging to the Stokes heirs, was instituted in the Louisville Chancery Court; that a division was made by the commissioners under a judgment of that court, who subdivided the ground into lots, and the extension of Twenty-eighth street was made through the property, lots being laid off on both sides of this extension, which division was confirmed, and a copy of the plot, entitled "Stokes' Subdivision," was filed in the office of the city engineer and duly recorded. It appears from this plot, which is filed as an exhibit with this record, that the spot on which this accident occurred was within the corporate limits of the city at the time of such dedication, the limits extending some fifteen or twenty feet beyond this point southwardly. And seven or eight weeks before the accident occurred the city limits were extended so as to embrace the whole of Twenty-eighth street, and as far up as Thirty-fourth street.

It also appears from the testimony that about two years preceding the accident the property owners who owned the lots abutting on this street had it graded at their own expense, and that they made the cut which caused the embankment to be left; that subsequently this embankment was undermined by various parties who sought the fine sand which constituted the bottom layer of the embankment; and that after the grading of the street it was traveled by a large number of people living and having

business in that vicinity; that, with the knowledge and consent of the city authorities, the contractors who were preparing the grade on Jefferson street, in this immediate vicinity, used earth and material taken from this portion of Twenty-eighth street to complete the grade on Jefferson street, the effect of this removal being also to perfect the grade of Twenty-eighth street; and that when Jefferson street was finished to Twenty-eighth street the usual corner stone and curb stone were placed in proper position.

Subsequently to the extension of the city limits, Twenty-eighth street was included in, and made part of, the policeman's beat in that vicinity, and he was instructed to patrol that street. He testifies that he frequently noticed the dangerous condition of this embankment, and that he had on divers occasions driven away from that point children of that neighborhood who were accustomed to resort there for play, in which they indulged by leaping from the top of the embankment to the street below, and in playing in the sand at the bottom; that he failed to call the attention of the authorities to this dangerous place; and that no steps were taken to inclose it or to render it less dangerous.

At the time of the platting of the Stokes land under a judgment of the court in 1879, and the dedication of Twenty-eighth street, where this accident occurred, section 33 of appellant's charter provided that:

"All streets, lanes, alleys, avenues and thoroughfares and parts of same either in width or length or extensions thereof, in said city heretofore laid out or extended, or which may be hereafter laid out or extended, by any person or persons, or where such person or persons shall have sold or laid out and proposed to sell, or who shall here-

after sell or lay out and propose to sell, lots recognizing
and calling for such streets, alleys, lanes, avenues or thor-
oughfares, or parts of same either in width or length or
extensions thereof, shall be, and are hereby declared as,
public; subject, however, to the right and power (which
is hereby granted) of the city to reject the same by reso-
lution of the general council to that end."

And in construing this provision of appellant's charter
in the case of Davis, Moody & Co. v. City of Louisville,
4 Ky. Law Rep., 721, thiis court, through an opinion by
Judge Pryor, said:

"Where the owner of land adjoining the city of Louis-
ville recorded a map thereof, laying it off into lots and
streets, with the intention of dedicating the streets to
the city of Louisville, and sold lots calling for the street
as boundaries, there was a dedication, although at the
time the map was recorded the territory embraced there-
in was not a part of the city.

"That provision of the charter of the city of Louisville
which declares as public all streets and parts of same laid
out or extended by any person or persons amounts to an
acceptance of such dedication for the use of the public,
without any affirmative act on the part of the city.

"This provision, which is found in the old charter, is
not inconsistent with the new charter, and is, therefore,
not repealed by it."

And it seems to us that, as the city authorities did not
reject the subdivision and streets dedicated by the judg-
ment of the Louisville Chancery Court in the Stokes Case,
it became properly a part of the city at that time, and is
not controlled by section 2826 of the Kentucky Statutes,
which is a provision of appellant's present charter.

It is not necessary, ordinarily, at common law, that the

acceptance of a street should be evidenced by any formal act upon the part of the municipal authorities. It may be implied, as where the municipality takes control of it, includes it within the beat of its police officers, and permits the public to make use of it as a public street of the city. This is especially true when such acceptance could be regarded as a public benefit.

It seems to us that there is sufficient evidence in the record to show that appellant had accepted that portion of Twenty-eighth street on which this injury occurred as one of the public streets of the city, and to charge it with damages which might accrue to a citizen by reason of its neglect to keep it in a safe condition. Certainly there is sufficient evidence to have authorized the submission of this question to the jury.

It is not seriously contended by appellant that the instructions do not fairly state the law of the case, and we are of the opinion that they do. By the first instruction the jury were told: "That if they believed from the evidence that Twenty-eighth street between Jefferson and Grayson was being used as a public highway by the citizens of Louisville on or before the 21st day of November, 1895, and that the Board of Public Works of said city, or its agents, knew of such use; and they shall further find from the evidence that on the said 21st day of November the wall of the cut which fell upon Louis H. Snow was in an unsafe and dangerous condition, and the said Board of Public Works or its agents knew thereof, or the dangerous condition of said wall, if it was in a dangerous condition, had existed a sufficient length of time for said board or its agents to have known thereof by the exercise of ordinary diligence or care—then the law is for the plaintiff, against the city, and they should

so find, unless they shall further believe from the evidence that the said Louis H. Snow contributed to cause his injury by his own negligence, but for which he would not have been injured."

By the second instruction they were told; "But unless the said street was being used as a highway, as stated in instruction No. 1, and the Board of Public Works or its agents knew thereof, and knew that said wall was dangerous, or ought to have known thereof, as stated in instruction No. 1, the law is for the defendant, the city of Louisville, and they should so find.

Or if Louis H. Snow contributed to cause his injury by negligence, but for which he would not have been injured, the law is for the defendant; but the jury ought not to find that he contributed by negligence to cause his injury, unless they shall believe from the evidence that he failed to exercise the degree of care and prudence which ordinarily careful and prudent persons of his age, experience and discretion usually exercise under the same or similar circumstances."

Perceiving no error in the trial of the case in the lower court to the prejudice of appellant, the judgment is affirmed.