Vol. 110]    .    APRIL TERM, 1901.    **691**

South Covington & C. St. Ry. Co. v. Newport L. & A. Turnpike Co.

---

CASE 78—ACTION FOR A MANDATORY INJUNCTION—APRIL 30.

# South Covington & C. St. Ry. Co. v. New-port L. & A. Turnpike Co.

### APPEAL FROM CAMPBELL CIRCUIT COURT.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS.    REVERSED.

DEDICATION OF STREET—ACCEPTANCE—ADVERSE POSSESSION BY TURN-
PIKE ROAD COMPANY.

Held:    1. Where, in a suit for the partition of land among devisees
in 1868, the land was divided into lots, streets, and alleys, as di-
rected by testator's will, and a copy of the plat thereof was filed
in the county clerk's office, and deeds were executed to the de-
visees referring to the plat and to B. street, as shown thereon,
and lots were sold and conveyed by the devisees by deeds refer-
ing to the plat and calling for the streets dedicated thereby,
there was a dedication of B. street, though the land was not then
within the city limits, and though the plat was not recorded, as
the law did not then require that to be done; and the subsequent

692        KENTUCKY REPORTS.        [Vol. 110

South Covington & C. St. Ry. Co. v. Newport L. & A. Turnpike Co.

extension of the city limits so as to include a part of B. street, and the original construction of that street at the expense of abutting property owners, pursuant to a city ordinance, are sufficient evidence of acceptance by the city.

2. A turnpike road company could not claim title to B. street by prescription by reason of adverse possession commenced after the street was dedicated, though prior to its acceptance by the city, or by reason of the mere use thereof by the public as a highway.

C. B. SIMRALL, ATTORNEY FOR APPELLANT.

L. J. CRAWFORD AND JOHN GALVIN OF COUNSEL.

The appellant is a corporation organized under a special Act of the Kentucky Legislature for the purpose of constructing and operating a system of street railways in the cities of Covington and Newport, Ky., and in the vicinity of said cities, and in 1899 the company constructed its shops for the repair of its cars and motors, and central car barns for the keeping of its cars and motors, and to connect the same with its system of tracks so that cars might pass to and from said barns and shops, and it selected a lot in Newport on the southwest corner of Eleventh and Brighton streets for this purpose.

After the car barn had been constructed and a greater portion of the tracks had been laid on Brighton street, the appellee filed a petition claiming that the plaintiff and its predecessors had continuously conducted a turnpike, commencing at the intersection of Ninth and Brighton streets, and extending southwardly through the city of Newport; and that all of what is known as Brighton street in the city lying south of Ninth street had been and was the turnpike of the plaintiff, and asking a mandatory injunction directing that appellant at once remove all its tracks, poles, and wires, from Brighton street between Eleventh and Twelfth streets, and to remove the curves connecting said tracks with the said car barns constructed by appellant, and to enjoin appellant from placing its tracks, wires, and poles, on and over Brighton street from Eleventh to Twelfth streets.

There are three questions to be determined by this appeal:

1. Does the Newport, Licking & Alexandria Turnpike Company own Brighton street from Eleventh to Twelfth street?

2. Does said company own an easement by prescription on said Brighton street such as prevents the city of Newport from granting the use of the street for street car purposes?

3. Are the appellees by their laches, in permitting without protest, appellant to erect its car barn and construct its tracks and

curves on Brighton street, at an expense of $18,000, estopped from now objecting to the use of said tracks and barn so constructed by the appellant?

### POINTS AND AUTHORITIES.

Easements in public highways, claimed by prescription, must be established by a continuous, peaceable, adverse, exclusive occupancy of the right claimed, for a period of more than fifteen years. Am. & Eng. Ency. of Law (New Series), vol. 10, p. 426; Dudley v. Frankfort, 12 B. M., 117; Alves v. Henderson, 16 B. M., 172; Manier v. Meyers, 6 B. M., 136.

The planting of property into a town subdivision, laying out streets, lots and alleys, and selling of lots by deeds referring to the plat, and calling for the streets named in the plat, as boundaries to lots sold, constitutes a dedication of the streets for street purposes. Elliott on Roads and Streets, pp. 111, 112, 113; Dillon on Municipal Corporations, p. 629; Rowan's Exrs. v. Town of Portland et al., 8 B. M., 232; Wickliffe v. Lexington, 11 B. M., 155; Elizabethtown & Paducah R. R. v. Thompson, 79 Ky., 52; West Covington v. Frekin, 8 Bush, 121; Davis, Moody & Co. v. Louisville, 4 Ky. Law Rep., 721; Hood v. Trustees Lebanon, 12 Ky. Law Rep., 813.

An act of dedication of a street is a question of the intention of the dedicator. Elliott on Roads and Streets, pp. 92, 93.

A dedication of a street may be made in praesenti to be accepted in futuro. Elliott on Roads and Streets, p. 90; Mayor, etc. v. Morris C. B. & Co., 12 N. J. Eq., 547; Mayor, etc. v. City of Portland, 16 Ore., 500; Davis, Moody & Co. v. Louisville, 4 Ky. Law Rep., 721.

Acceptance of dedicated street may be:

First. By amendment of city charter extending corporate limits so as to take in territory previously laid out and platted into lots, streets and alleys, with a view of being, in the future, taken into the city as a part of the city. Elliott on Roads and Streets, p. 116; Des Moines v. Hall, 24 Ia., 234.

Second. By a municipality repairing, improving, lighting, or otherwise assuming control over the land dedicated as a street. Am. & Eng. Ency. of Law (New Series), vol. 9, p. 43; Gedge v. Cov., 9 Bush, 621; Kent. Central R. R. v. City of Paris, 95 Ky., 627; Schaefer v. Selvage, 19 Ky. Law Rep., 797.

A turnpike road can not be improved by a city at the expense of the abutting property owners. Elliott on Roads and Streets, pp. 60, 61; Wilson v. Allegheny City, 79 Pa. Stat., 272.

Where the owner of property permits a railroad to enter upon his property and construct its line, such owner will not be per-

South Covington & C. St. Ry. Co. v. Newport L. & A. Turnpike Co.

mitted, after the line of railroad has been constructed, either to enjoin its use, or to eject it from the property. The only remedy left to the owner of the property is a right of action for damages. Halbert v. Maysville & Big Sandy R. R., 98 Ky., 661; Louisville & C. R. R. v. Stephens, 96 Ky., 401; Ferguson & Ernst v. C. & O. R. R., 57 S. W., 460; High on Injunctions, sec. 618; Reichert v. St. Louis R. R., 38 Am. & Eng. R. R. Cases, 453.

An injunction to restrain a trespass should not be granted unless—

*First.* The plaintiff's title is established beyond a doubt, and,

*Second.* Unless the injury complained of is irreparable in its nature. High on Injunctions (3 Ed.), secs. 701-820, 821, 1019; Newport & Licking T. Co. v. Fitzsimmons, 9 Ky. Law Rep., 939.

It has been the policy of this court to refuse to interfere, by injunction, with the construction of railroad tracks in streets, parties injured, if special damages are sustained, being left to their actions at law. Railroad v. Applegate, 8 Dana, 289; Fulton v. Short Route R. R., 85 Ky., 653; Hyland v. Short Route R. R., 10 Ky. Law Rep., 900.

This rule is especially applicable to a street railway. Louisville Bagging Co. v. Central Passenger R. R. Co., 95 Ky., 54.

SAMUEL C. BAILEY, Attorney for Appellee.

COURT T. BAKER of counsel.

As it is either admitted by the pleadings or proven beyond doubt that in the year 1851 the appellee was incorporated and empowered to construct a toll turnpike, beginning at the then Southern corporation line of the city of Newport and extending southwardly, and until the year 1870 the south line of Newport was Harris (now Muth) street, and in March, 1870, the city line extended to what is now Tenth street, and in March, 1872, said limits were extended so as to include what is now Twelfth street, and in the year 1868 or 1869, the plaintiff constructed its road to the intersection of Ninth and Brighton streets, running from Twelfth, with the line of what is now commonly called Brighton street, and from said date, last mentioned, appellee had kept all its road in repair and continuously charged tolls from and to the intersection of Ninth and Brighton streets, and the appellee's turnpike has been and now is obstructed by appellant. I need not discuss these questions.

Appellee claims in this case:

1. It is its duty to keep its road in repair and free from obstructions.

2. There has been no dedication to and acceptance by the public of the part of the highway in dispute.

Vol. 110]            APRIL TERM, 1901.              695

South Covington & C. St. Ry. Co. v. Newport L. & A. Turnpike Co.

3. Section 2546, Kentucky Statutes, does not apply to this case.
4. An injury has been done appellee.
5. The city of Newport has police control only over that part of appellee's road within its limits.
6. If appellee's rights have been invaded, injunction is the proper remedy.
7. Injunction is the proper remedy to prevent an injury to a franchise.
8. Injunction lies to prevent irreparable injury.
9. No delay occurred in bringing this action.

### AUTHORITIES CITED OR DISCUSSED.

Ky. Statutes, secs. 4720, 4730, 4731, 4732, 2548; Chas. v. City of Oshkosh, 81 Wisconsin, 313; Elliott on Roads, 479, 313, 496, and 497; Rowan's Exrs. v. Town of Portland, 8 B. M., 236; Dillon on Mun. Corp. (4 Ed.) 640 and 642; Acts 1879, vol. 1, p. 154; Wickliffe v. Lexington, 11 B. M., 155; Elizabethtown, &c., R. R. Co. v. Thompson, 79 Ky., 52; City Covington v. McDonald, 94 Ky., 1; Davis, Moody & Co. v. City Louisville, 4 R., 721; Cornwall v. L. & N. R. R. Co., 87 Ky., 72; State v. Passaic Turnpike Co., 27 N. J. L., 217; Detroit v. Detroit & E. P. Co., 12 Mich., 333; State v. Hoboken, 30 N. J. L., 225; Quinn v. Mayor, &c., of Paterson, 27 N. J. L., 35; Chope v. Detroit & W. P. R. Co., 37 Mich., 195; Versailles, &c., Turnpike v. Versailles, 9 R., 352; Chiles, Thompson & Co. v. Ringo, 14 R., 302; Ellis v. Wren, 84 Ky., 254; McClosky v. Doherty, 17 R., 180; Ecton v. Lexington, &c., Ry., 12 R,. 921; High on Injunctions (3 Ed.) 620, 932, and 944; Cone v. Pittsburg, &c., R. R. Co., 24 Pa. Stat., 159; Carpenter v. Capital Electric Co., 69 Am. St. Rep., 289.

OPINION OF THE COURT BY JUDGE BURNAM—REVERSING.

This litigation involves the question of the ownership of that portion of Brighton street lying between Eleventh and Twelfth streets, in the city of Newport. Appellee claims it as a part of its turnpike road, while appellant says that it is one of the public streets of Newport, and that appellee has no right or title thereto. The appellee began the litigation by the institution of this suit in the Campbell Circuit Court on the 4th day of August, 1899, against the appellant, in which it alleges that in the year 1851 it was incorporated and empowered

696                KENTUCKY REPORTS.            [Vol. 110

South Covington & C. St. Ry. Co. v. Newport L. & A. Turnpike Co.

to construct and operate a turnpike road from the southern corporation line of Newport, which was then Ninth street, up the valley of the Licking river, and that in the year 1869 it constructed its road from Ninth street up what is known as "Brighton Street" and had continuously from that date kept this part of its road in repair, and charged toll thereon. And it further alleges that that portion of Brighton street lying between Eleventh and Twelfth streets, which was a part of its road, had been obstructed by appellant, without its consent, by the laying of railroad tracks and the erection of poles and wires, for the purpose of operating its street cars and conducting them into its car barn on the corner of Eleventh and Brighton streets, and prayed for a mandatory injunction requiring the defendant to remove all these tracks, poles, and wires from its road. The defendant in the court below, and the appellant here, filed an answer in which it denies— First, that the plaintiff had any title to, interest in, or easement over Brighton street from Eleventh to Twelfth street or that it or its predecessors either now or had ever operated a turnpike road over that part of Brighton street from the intersection of Ninth to Twelfth street, or that the turnpike included any part of Brighton street, in the city of Newport, or that it had obstructed the street by the construction of its tracks therein, and the erection of the poles and wires complained of. It further alleges that Brighton is a public street of the city of Newport, and that the city council has complete control over it, and that, by an ordinance regularly passed by the city council, it was authorized and permitted to lay its tracks, and erect the poles and wires complained of, for the purpose of making connection with its car barn situated and fronting upon Brighton street, south of Eleventh, before

South Covington & C. St. Ry. Co. v. Newport L. & A. Turnpike Co.

the institution of this suit. Upon the final submission of the suit, the circuit judge granted a mandatory injunction requiring appellant within twenty days to remove from Brighton street all of its tracks, poles, and overhead wires. The mandatory injunction was suspended by a judge of this court and the cause is now before us for decision upon its merits.

A brief history of the facts connected with the ownership of that portion of Brighton street in contest is necessary for a proper understanding of the legal question raised upon the appeal. Previous to his death, in 1849, Gen. James Taylor owned all the land lying between Ninth and Thirteenth streets in the city of Newport, including the land now occupied by Brighton street between Eleventh and Twelfth. At that date the city limits did not extend beyond what is now known as "Ninth Street." In the seventh section of his will, he devised this tract of land to his three daughters, Keturah, Anne, and Jane, directing that it should be equally divided between them, and, to this end, should be laid off into town lots, and sold and conveyed in fee, or put on perpetual lease, as they may choose; and, to effect this object the circuit court was authorized to appoint a trustee to sell and convey, or lease perpetually, the ground. Subsequent to the death of Taylor, a suit was brought for the partition of the land among his heirs. In this proceeding, an order was entered in 1868 directing a division of the land into streets, alleys, and lots, and a division was made pursuant thereto, and confirmed on the 9th of May, 1869. A copy of the plat was filed in the county clerk's office, and was known as the "Trustees' Addition to the City of Newport." After this subdivision was made, the trustees of the estate of Taylor executed deeds to the heirs, which referred to

698          KENTUCKY REPORTS.          [Vol. 110

South Covington & C. St. Ry. Co. v. Newport L. & A. Turnpike Co.

the plat and to Brighton street as shown thereon and lots in this addition were sold and conveyed by the devisees, referring to this plat, and calling for the streets dedicated thereby. Before this subdivision in 1868, the turnpike road of appellee had only been constructed to the southern boundary of this tract of land. There seems to have been a sort of mud road from the southwest corner of Twelfth and Lowell streets to the northeast of Eleventh and Brighton; and from this point travelers scattered over the common at will, entering the city of Newport at different places along its southern boundary. After its subdivision into lots, the turnpike company, for the first time, in 1869, did some grading along what is now known as "Brighton Street," and caused cinders collected from a neighboring factory to be spread over the surface of the street from Ninth to Twelfth street, and since that time the bulk of the travel from the turnpike road has been confined to the use of Brighton street.

Appellee could only have acquired the interest asserted in Brighton street in one of two ways: First, by direct grant from the devisees of Gen. Taylor previous to its dedication as a public street in 1869 by the proceeding in the case of Thornton against Harris. It does not claim to have acquired the alleged right in this way, but rests its whole contention upon the claim of a possessory or prescriptive title. To entitle appellee to an easement by prescription, it must show that it was in the open, adverse, peaceable continuous, and exclusive use of the part of Brighton street in controversy in this action for a period of at least fifteen years before the institution of this suit, and that this use began before its dedication in 1869. It is true that it is claimed by appellee that there was no dedication of Brighton street by the subdivision

under the judgment of the Campbell Circuit Court, for the reason that the map of that subdivision was not recorded, and for the further reason that the addition was not formally accepted as a part of the city of Newport by the city authorities, and for the additional reason that at the time of the subdivision it was not included in the corporate limits of the city. The law is well settled that appellee could not have acquired an easement by prescription in a dedicated street by the mere use thereof by the public as a highway, and it wholly failed to prove the assertion of any acts of ownership prior to 1869, and it could not do so subsequent to that time. The testimony of the witnesses Graf, Fitzsimmons, Schneider, and Ensler showed that, prior to the subdivision in 1869, the turnpike company had only constructed its road to a point north of what is now known as "Twelfth Street," and that from the northern terminus travelers over their road scattered over the common until Brighton street was laid out in 1869 and that then, for the first time, they attempted to establish their road down Brighton street by doing some good work in the way of grading and covering it with cinders. It is wholly immaterial that the map of the subdivision was not recorded. The law at that time did not require it; nor was it necessary that there should have been a formal acceptance of the street by the city of Newport. Indeed, they could not have done so at that time, as it was not included within its corporate limits. In the case of Davis v. City of Louisville, 4 Ky. Law Rep., 721, this court said, viz.: "When the owner of land adjoining the city of Louisville recorded a map thereof, laying it off into lots and streets, with the intention of dedicating the streets to the city of Louisville, and sold lots calling for the streets as boundaries, there was a dedication, al-

though at the time the map was recorded the territory embraced therein was not a part of the, city." It also appears that the corporate limits of Newport were extended so as to include this portion of Brighton street in 1872; and Elliott, Roads & S. p. 116, says: "Where an amended charter is accepted which adds municipal territory previously laid out and platted, there is an im· plied acceptance of the streets and alleys designated on the plat." Besides, on the 19th of June, 1890, the city council, by ordinance, ordered the original construction of all of Brighton street between Tenth and Twelfth, by grading, curbing· paving, laying crossings, etc.; and this original construction was made at the expense of the abut· ting property owners, without protest from appellee. "The law is well settled that a turnpike can not be improved at the expense of adjoining land owners, but the land· owners may, by· suffering the work to proceed without ob· jection estop themselves from denying that the way is a street of the city." See Elliott, Roads & S. p. 60, and authorities there cited. The extension of the city limits in 1872, and the original construction of Brighton street in 1890, are sufficient evidence of the acceptance of the dedication of this street by the city. We do not deem it necessary to incumber this opinion further by citation from authorities, but ample authority to support the con· clusions here reached is found in the cases of Rowan's Ex'rs v. Town of Portland, 8 B. Mon., 232; Wickliffe v. City of Lexington, 11 B. Mon. 155; Railroad Co. v. Thompson, 79 Ky., 58; West Covington v. Freking, 8 Bush, 121; City of Covington v. McDonald, 94 Ky., 1, (21 S. W., 235); Dillon, M. Corp., 629; and Elliott, Roads & S. pp. 111-113. We are of the opinion that appellee has failed to establish its claim to the portion of Brighton street in contest,

either by grant or prescription, and that the title thereto was exclusively in the city council of Newport; and there is not ground on which to rest the judgment of the circuit court, and it is now reversed and cause remanded, with instructions to dismiss plaintiff's petition.

Petition for rehearing by appellee overruled.