**Dewey GOOD et al., Appellants,**

**v.**

**Thomas Leo MUSIC et al., Appellees.**

Court of Appeals of Kentucky.

Feb. 4, 1966.

W. W. Burchett, Prestonsburg, for appellants.

Joe Hobson, Prestonsburg, for appellees.

WADDILL, Commissioner.

The appeal is from a judgment holding that appellants, Dewey and Nellie Good, are not entitled to possession of a certain strip of land 25 x 100 feet constituting the east half of a lot designated as 26 on a plat of Town Hall Addition to the town of Allen. The judgment is based on the chancellor's finding that this land had been dedicated for public use and that the appellants had notice of this before they acquired the deed under which they claim title to it.

Appellants urge that the finding of dedication is erroneous since the attempted dedication was not sufficient as a matter of law.

On March 16, 1961, J. L. Williams conveyed lots 24 and 25 of Town Hall Addition to appellees, Thomas and Mary Music. On March 20, 1961, Williams delivered to the appellees a signed instrument wherein he recited that he had dedicated to the Town of Allen a 25-foot street over lot 26. The street is adjacent to appellees' lot 25 and dead ends at a lot owned by a labor union. The instrument was never recorded nor is the street shown on a plat of this subdivision.

In 1963 Williams sold lot 26 (including the dedicated area) and lot 27 to appellants. This action was instituted to quiet title to lot 26 and to enjoin use of it by appellees.

The evidence shows that Williams had placed gravel on the street and told various persons that it was dedicated as a street. In 1961 Williams had mortgaged half of lot 26 and told the mortgagee that he had dedicated the other half as a street. Appellants testified that they observed limited use of the street at the time of their purchase although they believed it 'was permissive use.

The acts of Williams in relation to this land and the instrument he gave appellees, plus his unequivocal testimony that it was for the use of the traveling public, justified the chancellor in finding that it was Williams' intent to dedicate this land as a public street.

There was evidence that at least some lots in Town Hall Addition were purchased in reliance on Williams' assurance that the east half of lot 26 was dedicated as a public street. There was testimony that this street was used to park cars and to reach the union hall. These facts tended to show that the dedication was accepted by the public. As stated in Central Land Co. v. Central City, 222 Ky. 103, 300 S.W. 362:

"* * * the only thing necessary is that the intention of the donor to dedicate the thing to the public use must appear, and the subsequent acceptance by conduct of the public completes the act of dedication, without writing upon either side."

We are unwilling to hold the chancellor erred in concluding that the dedication was complete at the time appellants purchased their property.

The argument that this land is incapable of being dedicated to the public as a street because it would be a dead end street is without merit since the evidence shows that the public was being benefited by its use as a street.

The judgment is affirmed.

HILL, J., not sitting.